# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1913, 3D20-1854
Lower Tribunal No. 19-30739

_____

**Archimedean Academy, Inc., etc., et al.,**
Appellants,

vs.

**The School Board of Miami-Dade County, Florida,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

William Petros Law and William L. Petros and Brett J. Novick, for appellant Archimedean Academy, Inc.; Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Alan J. Kluger and Lisa J. Jerles, for appellant City of Aventura.

Greenberg Traurig, P.A., and Jay A. Yagoda, Francisco O. Sanchez, and Bethany J.M. Pandher, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

HENDON, J.

The City of Aventura ("Aventura" or "City") and Archimedean Academy, Inc. ("Archimedean") appeal from a final order granting summary judgment in favor of the School Board of Miami-Dade County, Florida ("School Board"). We reverse and remand with instructions.

Archimedean operates three charter schools in Miami-Dade County. Aventura operates two charter schools as a branch of the City, and they are the only public schools within the City's boundaries. At issue is whether the School Board must share with the County's charter schools those funds generated from a 2018 voter-approved referendum. Both Archimedean and the City sought declaratory and injunctive relief requiring the School Board to proportionally share the referendum funds. The School Board's interpretation of the Florida statutes governing the funding of public schools would deny any sharing of the 2018 referendum funds with charter schools. The trial court granted the School Board's motion for summary judgment, and the City and Archimedean appeal.

The Referendum

On July 18, 2018, the School Board approved a referendum ("Referendum") to be placed on the November 6, 2018 ballot pursuant to the "additional millage" levy authorized by the 2018 version of section

2

1011.71(9), Florida Statutes, to generate revenue for "school operational purposes." Subsection (9) authorizes a school district to levy "additional millage for school operational purposes" if approved by referendum, but it does not reference charter schools. Id.  The Referendum asked Miami-Dade voters to approve an ad valorem tax levy of 0.75 mills for "operational funds," over a four-year period beginning July 1, 2019, for two purposes: (1) "to improve compensation for high quality teachers and instructional personnel," and (2) "to increase school safety and security personnel."

As it appeared on the 2018 ballot, the Referendum provided:

**SCHOOL BOARD REFERENDUM**
**Referendum to Approve Ad Valorem Levy for Teachers, Instructional Personnel, School Safety and Security**

Shall the School Board of Miami-Dade County, Florida, levy 0.75 mills of ad valorem taxes for operational funds (1) to improve compensation for high quality teachers and instructional personnel, and (2) to increase school safety and security personnel, with oversight by a Citizen Advisory Committee, beginning July 1, 2019, and ending June 30, 2023?

_____ YES
_____ NO

The voters approved the referendum on November 6, 2018, and the referendum went into effect on July 1, 2019.  Charter schools were not mentioned in the Referendum language.

3

In 2019, the Legislature amended section 1011.71(9) to add the following language, shown in bold, adding a new definition for the phrase "school operational purposes," as used in that provision, to expressly include "charter schools sponsored by a school district," as follows:

> (9) In addition to the maximum millage levied under this section and the General Appropriations Act, a school district may levy, by local referendum or in a general election, additional millage for school operational purposes up to an amount that, when combined with nonvoted millage levied under this section, does not exceed the 10-mill limit established in s. 9(b), Art. VII of the State Constitution. Any such levy shall be for a maximum of 4 years and shall be counted as part of the 10-mill limit established in s. 9(b), Art. VII of the State Constitution. **For the purpose of distributing taxes collected pursuant to this subsection, the term "school operational purposes" includes charter schools sponsored by a school district.** Millage elections conducted under the authority granted pursuant to this section are subject to s. 1011.73. Funds generated by such additional millage do not become a part of the calculation of the Florida Education Finance Program total potential funds in 2001-2002 or any subsequent year and must not be incorporated in the calculation of any hold-harmless or other component of the Florida Education Finance Program formula in any year. . . . **Funds levied under this subsection shall be shared with charter schools based on each charter school's proportionate share of the district's total unweighted full-time equivalent student enrollment and used in a manner consistent with the purposes of the levy. The referendum must contain an explanation of the distribution methodology consistent with the requirements of this subsection**.

§ 1011.71(9), Fla. Stat. (2019) (emphasis added). Archimedean and the City separately sought declaratory and injunctive relief requiring the School

4

Board to proportionally share Referendum funds.  Archimedean, the City, and the School Board filed a joint motion to consolidate the two cases, and the trial court did so.  Upon considering all the parties' separate motions and oral arguments for summary judgment, the circuit court granted the School Board's motion.  The City and Archimedean appealed and this Court consolidated both cases for the purpose of travelling together.  We review de novo the trial court's order granting summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

Discussion

The School Board argues that the 2018 Referendum's omission of a reference to charter schools indicates that revenues generated from the ad valorem tax levy do not have to be shared with charter schools.  We disagree.

The issue of whether section 1011.71(9) funds should be shared proportionally between public schools and charter schools was recently addressed by the Fourth District in an en banc opinion. See Acad. for Positive Learning, Inc. v. Sch. Bd. of Palm Beach Cnty., Fla., 315 So. 3d 675 (Fla. 4th DCA 2021), reh'g denied, 315 So. 3d 752 (Fla. 4th DCA 2021), and review denied, No. SC21-750, 2021 WL 4121491, (Fla. Sept. 9, 2021).  In that case, Palm Beach County placed a referendum on the 2018 ballot that

sought voter approval to levy an ad valorem millage to raise funds for school safety needs and educational personnel. The referendum language specifically excluded charter schools.[1] The voters approved the referendum and, as in the Miami-Dade referendum, it went into effect on July 1, 2019. Two charter schools filed a complaint for declaratory and injunctive relief requesting the circuit court to: (1) enter a declaratory judgment requiring the school board to share the 2018 referendum revenues with charter schools on a pro rata basis; and (2) enjoin the school board from denying charter schools their proportionate share of the 2018 referendum revenues. In the alternative, the complaint requested the circuit court to declare the 2018 referendum to be illegal and void. The charter school appellants asserted that the 2018 referendum's exclusion of charter schools violated section 1002.33(17), Florida Statutes (2018). That section requires that **"[s]tudents enrolled in a charter school, regardless of the sponsorship, shall be funded as if they are in a basic program or a special program, the same**

---

[1] The Palm Beach County Referendum language stated: "Shall the School Board of Palm Beach County have authority to levy 1.00 mills of ad valorem millage dedicated **for operational needs of non-charter District schools** to fund school safety equipment, hire additional school police and mental health professionals, fund arts, music, physical education, career and choice program teachers, and improve teacher pay beginning July 1, 2019 and automatically ending June 30, 2023, with oversight by the independent committee of citizens and experts?" (Emphasis added).

**as students enrolled in other public schools in the school district**."

(emphasis added). The Fourth District concluded,

> In sum, our review is limited to the 2018 versions of sections 1002.33(17) and 1011.71(9), and how those statutes may be read in harmony according to their plain meaning. The 2018 referendum, by excluding charter schools from that portion of the current discretionary operating millage levy provided in section 1011.71(9), violated section 1002.33(17)'s requirement that "[s]tudents enrolled in a charter school, regardless of the sponsorship, shall be funded as if they are in a basic program or a special program, **the same as** students enrolled in other public schools in the school district."

(emphasis added). <u>Acad. for Positive Learning</u>, 315 So. 3d at 684.

The difference between the referendum language at issue in Miami-Dade County and the referendum language struck down in Palm Beach County is one of no distinction. The language of the Palm Beach County referendum specifically excluded charter schools, while the language of the Miami-Dade referendum excluded charter schools by omission. The result is the same. The School Board's refusal to share with Miami-Dade charter schools those Referendum funds generated from the ad valorem tax levy violates the clear mandate of section 1002.33(17)(b), which requires that "[s]tudents enrolled in a charter school, regardless of the sponsorship, shall be funded as if they are in a basic program or a special program, **the same as** students enrolled in other public schools in the school district," (emphasis added), and that funding of charter schools must be on a pro-rata share

7

based on the number of each school's weighted full-time equivalent (FTE) students from "funds from the school district's current operating discretionary millage levy."

On de novo review, we adopt the thorough reasoning of the majority in the en banc opinion of the Fourth District in <u>Academy for Positive Learning, Inc. v. School Board of Palm Beach County, Fla.</u>, 315 So. 3d 675 (Fla. 4th DCA 2021), and reverse and remand for entry of judgment in favor of Archimedean and the City.[2]

Reversed and remanded with instructions.

---

[2] We conclude the issue of when the sharing of funds generated from the 2018 referendum must commence is not ripe for our review because the circuit court did not reach this issue. We remand for the circuit court to conduct any necessary hearings, evidentiary or otherwise, to determine this issue through findings of fact and conclusions of law in the first instance, subject to appellate review.